# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICHARD McKINLEY WOOTTEN, | * |
| Plaintiff | * |
| v | *   Civil Action No. PX-19-2095 |
| HONORABLE KATHLEEN LEONARD BECKSTEAD, | * |
| ASSISTANT STATE'S ATTORNEY JAMES LEO BRITT, | * |
| MICHEA RICHARDSON, | * |
| Defendants | * |

## MEMORANDUM OPINION

Richard McKinley Wootten, an inmate currently confined at the Dorsey Run Correctional Facility in Jessup, Maryland, filed the above-captioned civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Wootten, proceeding pro se, alleges that on March 19, 2013, Assistant State's Attorney, James Leo Britt, forced him to plead guilty as a subsequent offender carrying a twenty-five-year prison term in that he threatened Wootten with prosecuting an offense carrying a 50-year-to-life sentence if Wootten rejected the plea. ECF No. 1, p. 2. Wootten maintains that he did not qualify as a subsequent offender under Maryland law. *Id*. Wootten further contends that his attorney, Michael Richardson, and the sentencing court, Judge Kathleen Beckstead, both knew the 25-year sentence was illegal when it was imposed. The Court later corrected his sentence, prompting this civil action. *Id*.

Wootten did not move for leave to proceed in forma pauperis, nor did he pay the full civil filing fee. In light of his incarcerated status, he shall be granted leave to proceed in forma pauperis. However, for the following reasons the Complaint is dismissed.

Because Wootten proceeds as an indigent claimant, the Court must screen the complaint to determine whether it is "frivolous, malicious or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In making this determination, the court "need not look beyond the complaint's allegations," although the Court must "hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989). With these principles as guidance, the Court must dismiss the complaint.

First, with respect to the suit against the sentencing court, the claim fails as a matter of law because a judge is immune from suit. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988). The doctrine of judicial immunity shields judges from monetary claims arising from actions taken in their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Although not absolute, judicial immunity protects a judge from damages suits entirely, and applies even where a judge commits "grave procedural errors." *Id.* at 11

Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump,* 435 U.S. at 355-56; *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly). Importantly, this doctrine is designed "not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

Unquestionably, the Complaint allegations involve the judge acting in her judicial capacity

2

when she sentenced Wootten. No set of facts, as alleged, take this claim outside the purview of judicial immunity. Thus, this claim is dismissed.

The claim against the Assistant State's Attorney is similarly resolved. State prosecutors, as quasi-judicial officers, enjoy absolute immunity when performing prosecutorial functions, rather than investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). A prosecutor is thus immune from suit arising from actions taken in connection with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991).

To assess whether prosecutorial immunity applies, the Court takes a "functional approach," assessing "whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430). Accordingly, "a prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, decides to seek an arrest warrant, prepares and files charging documents, participates in a probable cause hearing, and presents evidence at trial." *Nero*, 890 F.3d at 118 (internal citations omitted). This includes the prosecutor's decisions on whether, when, or how to prosecute any given case. *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996).

Here, Wootten's allegations relate solely to the terms of his plea offer. Any decisions surrounding the terms of a plea offer remain central to a prosecutor's role. Prosecutorial immunity applies, therefore, barring the claims.

Lastly, as to Wootten's defense attorney, the claims fail for a different reason. A civil suit for money damages alleging violations of a plaintiff's constitutional rights may only be brought against persons who are acting under color of law. *See* 42 U.S.C. § 1983. Wootten's defense

attorney is not considered a state actor capable of being sued civilly for constitutional violations. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Nor can this Court plausibly infer from the Complaint that the attorney was jointly engaged with state actors who themselves were violating Wootten's constitutional rights so that § 1983 liability would properly extend. *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980). The Complaint simply does not state a legally cognizable claim and must be dismissed.

A separate order follows.

| | |
|---|---|
| 9/25/19 | /S/ |
| Date | Paula Xinis<br>United States District Judge |